**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLESANN CULP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:11-CV-1057-N-BK** |
| **v.** | § | |
| | § | |
| **DALLAS AREA RAPID TRANSIT,** | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management, this cause is before the Court on Defendant's *Motion for Partial Summary Judgment Against Plaintiff Culp*. (Doc. 22). For the reasons that follow, the undersigned recommends that the Court **REMAND** this case, including Defendant's pending *Motion for Partial Summary Judgment Against Plaintiff Culp*, to the 192nd Judicial District Court of Dallas County Texas.

## I. PROCEDURAL HISTORY

In October 2009, Plaintiffs Marcia Burren and Charlesann Culp commenced this action against Defendant in state court, alleging that Defendant had discriminated and retaliated against them based on their race, in violation of Texas state law. (Doc. 1-6 at 31-36). In particular, Burren alleged that she applied for the position of DART Outreach Director, but was told that the position had to be filled by a Hispanic employee. *Id.* at 32-33. Shortly thereafter, a Hispanic employee named Carmen Garcia was hired as Outreach Director. *Id.* at 33. Burren then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 34. Culp contended that she submitted a statement to the EEOC in support of Burren's charge and, thereafter, Garcia and a DART supervisor retaliated against her, ultimately leading to Culp's

constructive discharge.  *Id.* at 33-34.

In May 2011, Burren filed a second amended state court petition, raising new claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.  (Doc. 1-2 at 10-11).  Culp did not amend her petition.  Defendant promptly removed the entire action to federal district court, pursuant to 28 U.S.C. § 1441, based on federal question jurisdiction in light of Burren's FMLA claims.  (Doc. 1 at 2); *see Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 & n.6 (5th Cir. 1980) (finding that the phrase "civil actions" in "section 1441 denotes the entirety of the proceedings in question, not merely those aspects involving discrete federal claims or parties," and noting that judicial economy favors this interpretation so that the merits of claims may be litigated in a single proceeding).  Burren and DART subsequently settled their dispute, and Burren dismissed all of her claims with prejudice.  (Docs. 26, 28).  At this point, the only claims still pending before the Court are Culp's state law discrimination and retaliation claims against DART.[1]

Because Culp's complaint raises only state law claims, the Court ordered supplemental briefing on the issue of subject matter jurisdiction, and the briefing is now complete.  (Doc. 27, 29).  Defendant argues that the Court should exercise its discretion to retain jurisdiction over Culp's claims because state law does not predominate over federal law in regard to them.  (Doc. 29 at 3-7).  Culp has not filed a brief in response.  Defendant also moves for summary judgment against Culp.  (Doc. 22).  Despite being advised to respond to Defendant's motion, Culp did not do so.  (Doc. 25).

---

[1] Although Culp originally was represented by counsel in state court, she is currently proceeding *pro se*.

## II.  APPLICABLE LAW

The version of the removal statute applicable to the instant case provides as follows[2]:

"Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [providing for federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  28 U.S.C. § 1441(c).

For remand to be proper under this section, the claim remanded must be "(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996); *see also* 28 U.S.C. § 1367 (providing that federal courts have supplemental jurisdiction over state-law claims which are not otherwise within the court's jurisdiction, but the court can decline to exercise such jurisdiction if the state claims substantially predominate over the claims over the federal claims).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).  "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).  Nevertheless, declining to exercise jurisdiction over state claims is an abuse of discretion where

---

[2] Subsection (c) was amended in December 2011 by Title I of Pub.L. 112-63.  The amended language did not take effect until the expiration of the 30-day period beginning on Dec. 7, 2011, and only applies to cases commenced on or after that effective date.  Pub. L. 112-63, § 105(d).

the district court has "invest[ed] a significant amount of judicial resources in the litigation." *Id.*

In determining whether to relinquish jurisdiction over supplemental state law claims, the Court must look to the statutory factors set forth by 28 U.S.C. § 1367(c) and to the common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011). The statutory factors are (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966) (setting forth the common law precursor to section 1367(c)).

In this case, three of the four statutory factors favor remand. While there do not appear to be any novel or complex issues involved in this case, Culp's state law claims clearly predominate over the non-existent federal claim now that Burren has settled her FMLA cause of action, and her case has been dismissed. *Enochs*, 641 F.3d at 159 (noting that Texas state law claims predominated over dismissed federal claims); *see also Lawler v. Miratek Corp.*, 2010 WL 743925, *6-7 (W.D. Tex. 2010) (remanding plaintiff's state employment discrimination claims, finding that they substantially predominated over the federal claims as evidenced by, *inter alia*, (1) plaintiff's assertion of four theories of state employment discrimination, but only two federal claims, and (2) the fact that the federal and state claims arose out of separate actions taken by two different groups of people); *cf. Sturgeon v. Jackson*, 2011 WL 3678472, *7 (W.D. Tex. 2011) (retaining jurisdiction over state employment discrimination claim where the complaint also raised a federally-based claim because the events underlaying the claims were interrelated and it

4

was "difficult to determine" which claim predominated).  Finally, the fourth statutory factor

supports a remand because the heavy balance of the common law factors discussed below is a

compelling reason to decline to retain jurisdiction over Culp's state claims.  *Enochs*, 641 F.3d at

159.

As to the first common law factor, judicial economy, at the time Burren's FLSA claim

was dismissed, hardly any federal judicial resources had been devoted to consideration of Culp's

Texas state law claims (or to any claims).  *Id.*  There would be no need for either party to

duplicate any research, discovery, or briefings because those efforts already made would be

useful in the state proceeding as well.  *Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927,

931 (5th Cir. 1982) (fact that discovery could be used in state court proceeding weighs in favor of

dismissal of case from federal court).  Further, there would be no duplication of preparation for

any hearings or trial because no such efforts are likely to have been made at this point.  *Cf.*

*Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 308 (5th Cir. 1991) (holding that the

district court abused its discretion in remanding state law claims because those claims presented

no novel issues, and the federal litigation had proceeded for four years and produced 23 volumes

of record, a pretrial order exceeding 200 pages, over 100 depositions, and nearly 200,000 pages

of discovery production); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (finding

that district court did not abuse its discretion in retaining jurisdiction over state law claims

because case did not raise any novel state law issues, the lawsuit had been pending for more than

two years, the trial date was less than a month away, the parties had filed more than 300

pleadings, many parties had prepared extensive discovery disclosures, and several summary

judgment motions were pending).  Moreover, the Court does not have "substantial familiarity"

with Culp's state claims as evidenced by the fact that the Court has conducted no hearings and not ruled on any substantive, opposed motions involving Culp.  *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992) (lack of familiarity found where the district judge had conducted only one status conference); *cf. Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (familiarity found where trial court had "devoted many hours to reviewing [the parties'] memoranda, the attached exhibits and the record in this case; researching the legal issues involved; and reaching the decisions" in its summary judgment ruling).  The judicial economy factor in this case thus favors remand.

The second factor, convenience, is in equipoise as both the county court from which the case was removed and the federal district court are located in Dallas.  *Enochs*, 641 F.3d at 160. Third, it is certainly fair to have Texas state claims heard in Texas state court, and there is nothing to indicate that either party will be prejudiced by a remand to Texas court.  *Id.*  Last, the "important interests of federalism and comity" must be respected by federal courts, which are courts of limited jurisdiction and "not as well equipped for determinations of state law as are state courts."  *Parker & Parsley*, 972 F.2d at 588-89.  Accordingly, the common law factors of judicial economy, fairness, and comity favor remand.  Additionally, the overall balance of both the statutory and common law factors weighs heavily in favor of remand.  *Enochs*, 641 F.3d at 159-60.  The undersigned thus recommends that the Court **REMAND** this case, including Defendant's pending *Motion for Partial Summary Judgment Against Plaintiff Culp*, to the 192nd Judicial District Court of Dallas County Texas.

**SO RECOMMENDED** on August 13, 2012.


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE